ANGELICA Co., INC., Plaintiff, *v.* ROY M. GOODMAN, as Finance Administrator of the City of New York, et al., Defendants.

Supreme Court, Special Term, New York County, December 30, 1966.

*Gaynor, Freeman, Glick & Pisani* (*Arthur Harris Grae* of counsel), for plaintiff. *J. Lee Rankin, Corporation Counsel* (*Frederic S. Nathan* and *Peter Linzer* of counsel), for defendants.

GEORGE TILZER, J. Plaintiff is a North Carolina corporation engaged substantially or exclusively in the mail-order business and particularly in the delivery by mail of cigarettes to users in this city and State. It has instituted this suit in defamation based, as alleged, on statements and press release as reflected in a *New York Times* news article which plaintiff claims defamed it. Defendant has asserted a counterclaim seeking injunction, accounting and damage. It is alleged in the counterclaim that plaintiff misleadingly implied in its advertisements that its mail-order purchasers are not required to pay city or State cigarette use tax, thus encouraging violation of section 471-b of the New York State Tax Law and subdivision (a) of section D46-2.0 of the Administrative Code of the City of New York. It is alleged further that plaintiff refused to file with the State the names and addresses of purchasers and the quantities and brands sold, which refusal violates the provisions of the Jenkins Act (U. S. Code, tit. 15, § 375 *et seq.*) thus encouraging violation of the city and State cigarette use tax provisions. In addition, plaintiff refuses to make collection of city and State cigarette use tax in violation of section 471 of the New York State Tax Law and section D46-2.0 of the

Administrative Code, thereby causing irreparable injury resulting from the misleading of purchasers into the false belief that their purchases are not subject to cigarette tax and rendering the collection of the tax extremely difficult if not impossible.

Plaintiff now moves for dismissal of the counterclaim upon the ground of insufficiency and upon the further grounds that New York State and code provisions creating the use tax are unconstitutional as interpreted by the defendants and the court has no jurisdiction of the subject matter of the counterclaim with respect to alleged violation of the Jenkins Act since jurisdiction to prevent and restrain violation of the Jenkins Act is exclusively in the United States District Courts and, finally, the defendants lack legal capacity to assert the relief requested as to the violation of the Jenkins Act.

Defendants cross-move for dismissal of the complaint pursuant to CPLR 3211 or, in the alternative, for summary judgment dismissing the complaint pursuant to CPLR 3211 (subd. [c]) and 3212.

The whole issue is determinable upon the basis of the interpretation of the New York State and New York City Administrative Code exemption provisions relating to the transporting into this State of 400 unstamped cigarettes on or in the possession of the user and the interpretation of the Jenkins Act. Subdivision b of section D46–2.0 of the Administrative Code provides exemption from tax for '' The use, otherwise than for sale, of four hundred cigarettes or less brought into the city, on or in possession of, any person ''. The New York State tax provisions and the city sales tax provisions make similar exemptions. The court reaches the conclusion that what defendant Goodman stated is true. It constitutes fair comment as it appears on the face of the complaint. It is also privileged and if the privilege is qualified, plaintiff has not shown malice. The mere statement of malice is not enough. The defenses are established conclusively and no triable issue survives.

The interests of the City of New York in the New York State sales and use tax upon cigarettes is obvious in relation to State aid to cities to the extent of allocating State tax collections, and irreparable injury is equally obvious by reason of loss of State and city revenue of considerable magnitude. The intent and purport of the State and city statutes are a matter of public record (Dept. of Taxation and Finance, Bureau of Law Memorandum, Oct. 23, 1949 and Aug. 20, 1954 Releases, 2 CCH State Tax Reporter, N. Y., § 55–018.20 [1949], § 55–018.21 [1954]).

It is clear from all of the foregoing that claimed violation is not a matter of interpretation and judicial construction but of

statutory enactment. From this flows complete justification of the charge of bootlegging which incidentally in the full context has relation only to cigarettes and unlawful conduct in relation thereto. The interpretation is not only constitutional but is the clear consequence of the words used. That their meaning and import are clearly understood by the plaintiff as thus expressed is made manifest by its attempt to demonstrate that it has made full compliance with the Jenkins Act. Plaintiff does so by resort to exposition of contract and agency law which while correct is totally irrelevant to the issues tendered. It may well be as urged that the contract for purchase and sale is made in North Carolina, that delivery is made by the plaintiff to the United States Post Office as the purchaser's designated agent, that the designated agent makes delivery to the purchaser and thus the cigarettes are transported into the State on or in the possession of the purchaser. This may be sound law as between the purchaser and seller with respect to any controversy and litigation arising between them, but it is irrelevant with respect to the question whether there has been compliance strictly within the language of the statutes. Regardless of how the contract of purchase and sale is reached, the exemption is provided only when the user transports the cigarettes on or about him or in his possession into the State or City of New York.

Plaintiff's arguments based upon the Jenkins Act (U. S. Code, tit. 15, § 376) are without merit in every respect. The act was adopted to aid the States in the administration and enforcement of their cigarette tax statutes. The Federal and State statutes dovetail. Mail order was the subject; loophole plugging was the objective (Senate Report No. 644, July 11, 1949, 2 U. S. Code, Congressional Administration News, 2158, 2159 [1949]). In *Consumer Mail Order Assn.* v. *McGrath* (94 F. Supp. 705) the Jenkins Act was attacked as unconstitutional. The court there stated (pp. 709, 710) : '' We find no constitutional infirmity in the Jenkins Act. * * *

'' It is no answer that some of the state laws taxing the sale or use of cigarettes might not be valid. There is nothing inherently invalid in such laws. * * * We need not, in this general attack upon the Act, go further than to point out that state policy in this area of taxation may validly be the basis for federal regulation of interstate sales or shipments * * * because it has the purpose of aiding generally in the effectuation of valid state policy.''

Moreover, the fact that the Jenkins Act creates misdemeanor and punishment is not an impediment against enforcement of the tax statutes by the State and city in their interest and protection

of property rights. In this connection, it should be noted again that the mail order is a violation as to any quantity of unstamped cigarettes delivered by mail into the State. It is also clear from the history of the Jenkins Act that the amendment thereof of 1955 providing that " The United States district courts shall have jurisdiction to prevent and restrain violations of this chapter " (§ 378) did not create exclusive jurisdiction in the Federal District Courts. Power to enforce was and remained in the State courts. The Jenkins Act contains no prohibition or grant of exclusivity (see *Dowd Box Co.* v. *Courtney,* 368 U. S. 502; *Neeld* v. *Giroux,* 24 N. J. 224). In *Neeld,* the court stated (p. 228) : " The cigarette tax is an important source of state revenue. The opportunities for evasion are evident and evasion has been so widespread that the Congress enacted the Jenkins Act, 15 U. S. C. A. § 375 *et seq.* to assist the states in the collection of sales and use taxes on cigarettes." The city as well as the State has the power to enforce an act such as the Jenkins Act (*General Teleradio* v. *Manuti,* 284 App. Div. 400) and the city may also enforce the State statutes in the protection of its property rights. This is so despite the criminal aspects of such statutes. In *People ex rel. Bennett* v. *Laman* (277 N. Y. 368) the court stated (p. 376) : " That a court of equity will not undertake the enforcement of the criminal law, and will not enjoin the commission of a crime in a principle of equity jurisprudence that is settled beyond any question. There can equally be no doubt that the criminal nature of an act will not deprive equity of the jurisdiction that would otherwise attach. &ast; &ast; &ast; Equity does not seek to enjoin it simply because it is a crime; it seeks to protect some proper interest. If the interest sought to be protected is one of which equity will take cognizance, it will not refuse to take jurisdiction on the ground that the act which invades that interest is punishable by the penal statutes of the State. Equity does not pretend to punish the perpetrator for the act; it attempts to protect the right of the party (here the People) seeking relief, and to prevent the performance of the act or acts, which here may injure many."

Moreover, the facts adduced demonstrate conclusively that plaintiff has a number of significant contacts with this State warranting maintenance of the counterclaim. That subject was raised in *Miller Bros. Co.* v. *Maryland* (347 U. S. 340, 344–345) on which plaintiff relies. There the court enunciated the underlying requirements for jurisdiction, but the facts there required rejection of jurisdiction while here the facts warrant jurisdiction. The plaintiff is here, in the language of the opinion there, when there is " some definite link, some minimum con-

nection, between a state and the person, property or transaction it seeks to tax." It is not disputed that some of the principals of the plaintiff are residents of New York, it has advertised in New York papers, it is substantially a mail-order house using coupons, distributing unsolicited advertising copy to New York residents and making an appeal to New Yorkers for the delivery to them from out of State of unstamped cigarettes represented to be untaxable.

Plaintiff has stated that the only issues for the court to determine are:

" 1). Are out of state mail sales of 400 or less cigarettes to a New York City or State resident subject to the Sales Tax? Plaintiff contends that they are not.

" 2). Does the out of State sale by mail of 400 or less cigarettes to New York City and State residents fall within the Use Tax exemption as constituting ' four hundred or less cigarettes brought into the State on or in the possession of any person '? Plaintiff contends such sales are within the exemption.

" 3). Assuming the Use Tax were held to apply to such sales, are such statutes or ordinances unconstitutional as being an unreasonable restraint on interstate commerce or on other constitutional grounds? Plaintiff contends such an interpretation of the law would be unconstitutional."

The answer to these, as already indicated, is in the affirmative as to 1 and in the negative as to 2 and 3. The counterclaim is sufficient, and the motion to dismiss it is denied: the cross motion to dismiss the complaint is granted.